
UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **WILLIAM N. OMUNA** | **CIVIL ACTION NO. 05-0278-M** |
| A 26 313 536 | SECTION P |
| VS. | JUDGE JAMES |
| JOHN MATTA, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is William N. Omuna's *pro se* Emergency Petition for Writ of *Habeas Corpus* (28 U.S.C. § 2241) filed on February 11, 2005. When he filed the pleading, petitioner was in the custody of the Department of Homeland Security/Bureau of Immigration Customs Enforcement (DHS/ICE); he was being detained at the Tensas Parish Detention Center, Waterproof, Louisiana.

## STATEMENT OF THE CASE

Petitioner is a native and citizen of Nigeria. Having been convicted of various offenses, the Immigration Judge (IJ) ordered his removal on May 19, 2000. This order of removal was affirmed by the Bureau of Immigration Appeals (BIA) on December 17, 2002.

Petitioner claimed that the government of the United States should not be allowed to detain him indefinitely since despite his cooperation, efforts to effect his removal to Nigeria proved unsuccessful. He maintained that his continued detention under such circumstances was unlawful and in contravention of 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

The government was served and in its answer filed on July 25, 2005, it provided

sufficient evidence to establish that petitioner was in fact removed to his native Nigeria on June 9, 2005. [See Doc. 18-1 and 18-2]

## LAW AND ANALYSIS

The undisputed evidence before the court establishes beyond any doubt that the petitioner is no longer in custody. Further, the record before the court establishes that the petitioner has demanded only his immediate release throughout these proceedings. Therefore, in light of his removal, the court concludes that petitioner's *habeas* challenge to post-removal-order detention is now moot and should be dismissed.

Therefore

**IT IS RECOMMENDED** that the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** as moot.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _____ day of _____, 2005.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE